# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLAWLESS VAPE WHOLESALE & DISTRIBUTION, INC., a California corporation; TROY HAVENS, an individual<br><br>Defendants. | Case No.: 8:18-cv-01535-AG-DFM<br><br>**[Assigned for All Purposes to the Hon. Andrew J. Guilford, Ctrm 10D]**<br><br>**JUDGMENT** |

**WHEREAS**, Plaintiff KINSALE INSURANCE COMPANY ("KINSALE") filed a Complaint for Declaratory Relief in this action to establish that the Commercial General Liability Policy No. 0100067678-0, effective May 26, 2018 to May 26, 2019 (the "POLICY"), which it issued to Defendant Flawless Vape Wholesale & Distribution, Inc. ("FLAWLESS"), did not provide a defense or indemnity for FLAWLESS with respect to the action entitled *Havens v. 3 Monkeys Smoke Shop #2, Flawless Vape Wholesale & Distribution, Inc., Vital Vapes and*

*Does 1-100*, Placer County Superior Court Case No. SCV 0041258 (the *Havens* Action"); and

**WHEREAS,** KINSALE subsequently filed a First Amended Complaint for Declaratory Relief, which is the operative pleading; and

**WHEREAS,** KINSALE sought a judicial determination that it had no duty to defend and/or indemnify FLAWLESS or its parents, subsidiaries, divisions, predecessors, successors, officers, directors, employees, agents or anyone else affiliates with FLAWLESS against the *Havens* Action; and

**WHEREAS,** in the *Havens* Action TROY HAVENS ("HAVENS") sought damages for, among other things, "Bodily injury" arising from an explosion and resulting fire caused in whole or in part by a removable battery inserted into a Tugboat Mechanical Mod he alleges was distributed by FLAWLESS; and

**WHEREAS**, the POLICY was endorsed with a Battery Exclusion which excluded coverage for "Bodily injury" arising out of batteries as alleged in the First Amended Complaint; and

**WHEREAS**, KINSALE and HAVENS agreed that KINSALE never had a duty to defend or indemnify FLAWLESS with regard to the *Havens* Action for the reasons stated in the First Amended Complaint; and

**WHEREAS** FLAWLESS previously stipulated and agreed with KINSALE that FLAWLESS would be bound by any Judgment entered in favor of KINSALE (Dkt. # 16), and such was Ordered by the Court (Dkt. # 16);

**IT IS HEREBY ADJUDGED AND DECREED** that

1. KINSALE is entitled to and shall have Judgment in its favor on the First Claim for Relief of its First Amended Complaint for Declaratory Relief (Dkt. # 21) to wit, that there is no potential for coverage for the *Havens* Action under Commercial General Liability Policy No. 0100067678-0 issued by KINSALE to FLAWLESS and that KINSALE does not and never did have a duty to defend FLAWLESS with regard to the *Havens* Action; and

2. KINSALE is entitled to and shall have Judgment in its favor on the Third Claim for Relief of its First Amended Complaint for Declaratory Relief (Dkt. # 21) to wit, that KINSALE does not have a duty to indemnify any judgment or settlement with regard to the *Havens* Action; and

3. As to FLAWLESS, KINSALE is entitled to and shall have Judgment in its favor on its First Amended Complaint for Declaratory Relief (Dkt. # 16) in its entirety; and

4. That Defendants FLAWLESS and HAVENS shall take nothing by way of judgment against KINSALE; and

5. That KINSALE, FLAWLESS and HAVENS shall each bear its own attorney's fees and costs associated with this Action.

Dated: August 13, 2019

_____
UNITED STATES DISTRICT JUDGE